### VERMONT AND MASSACHUSETTS RAILROAD COMPANY *vs.* COUNTY COMMISSIONERS OF FRANKLIN.

If a railroad company unreasonably neglect to comply with the order of county commissioners allowing the company, upon their petition under *St.* 1846, *c.* 271, to cross a highway upon a level, the only remedy is for the penalty given by § 4 of that statute, or by a proceeding in equity under *St.* 1849, *c.* 222, § 5. The commissioners cannot assess damages, or issue a warrant for a jury, in such a case.

PETITION for a writ of prohibition.    The petitioners averred that on the 17th December, 1847, they presented a petition to the county commissioners of Franklin, setting forth that they found it necessary, in the construction of their road, to raise the highway leading from the town of Erving to the town of

Greenfield, at a point near Grout's corner, in the town of Montague, so that convenient access may be had to their depot grounds situated there, and praying that said commissioners would order and direct the manner of raising said highway, to cross said railroad on a level; that the said commissioners did thereupon, with the consent of the selectmen of Montague, order and adjudge that said railroad company be authorized to alter said highway, by raising the same to cross on a level with said railroad; also specifying the time and manner in which such alteration should be made. By said order, also, the company were required to raise a bridge over Miller's river, which bridge was supported by the towns of Erving and Montague, and was part of the highway aforesaid.

The present petition then averred that on the second Tuesday of December, 1849, the towns of Erving and Montague presented a joint petition to said county commissioners, complaining "that the railroad company had not complied with the previous order of said commissioners of December 17, 1847, and praying the commissioners to modify their former order in such manner as should be best for all parties, or to assess damages for the non-fulfilment of said order;" but this last petition did not aver any unreasonable neglect on the part of the railroad company to comply with such former order.

On this petition of Erving and Montague, the county commissioners, on the 10th of June, 1850, against the protest of the railroad company, modified their order of December 17, 1847, and postponed the proposed raising of the highway and bridge for "many years," and directed the railroad company to pay to the towns of Erving and Montague seventy-five dollars each, as damages. The town of Montague accepted said amount, but the town of Erving, feeling aggrieved by this estimate of their damage, refused to receive the same, and on the 4th day of March, 1851, applied to the county commissioners, for a warrant for a jury to assess said damages, which warrant was ordered by the commissioners, on the 7th day of September, 1852.

The present petition prayed for a writ of prohibition, re-

straining said commissioners from issuing said warrant for a jury, and averred several grounds of illegality in the proceedings before the commissioners, the only one of which necessary here to mention was; "Because the commissioners having made their order, as to the manner of altering said highway, on the petition of the railroad company, December 17, 1847, they had no power afterwards, on the petition of Erving and Montague, to change said decree into a payment of money; the only remedy for an aggrieved party being to enforce said decree in the supreme court, or to apply to the commissioners for damages for a breach thereof; and because sections 67 and 68 of the 39th chapter of the Revised Statutes, upon which the claim of Erving is based, apply only to cases where highways are to pass over or under railroads."

*D. Aiken*, for the petitioners.

*G. T. Davis*, for the respondents.

BIGELOW, J.   It will be unnecessary to enter at large into a consideration of the numerous objections urged against the validity of the doings of the county commissioners in the present case, because there is an obvious one, on the face of the proceedings, which appears to us to be decisive of this case.

The simple inquiry is, whether the commissioners were authorized to issue a warrant for a jury to assess damages, on the petition of the inhabitants of the town of Erving, for an unreasonable neglect on the part of the petitioners to make certain alterations in a highway and bridge in the town of Montague, crossed by their railroad, in compliance with the decree of the county commissioners set out in the petition.

By Rev. Sts. *c.* 39, §§ 66, 67, railroad corporations were authorized to lay out and construct their roads across turnpikes and highways upon a level therewith.   *Newburyport Turnpike Corporation* v. *Eastern Railroad Company*, 23 Pick. 326.   This was an absolute right, conferred on railroad corporations, as part of their franchise, not depending on the consent of selectmen or county commissioners.   The reference to these officers, and the authority conferred on them, in §§ 67, 68, were only intended to prescribe the manner and terms on which this right was to be exercised in particular cases.   *Parker* v. *Bos-*

*ton and Maine Railroad,* 3 Cush. 107, 117. By § 68, it was provided that for an unreasonable neglect on the part of railroad corporations to make such alterations in highways crossed by railroads as should be directed by the county commissioners, the same remedies should be had by selectmen of towns "as are prescribed for the recovery of damages caused by making such railroads." Under this provision, it would have been competent for the commissioners, upon the application of the selectmen of a town, to assess damages themselves, and, if either party required it, to issue a warrant for a jury to assess such damages in a case coming within the provisions of §§ 67, 68. But these provisions, so far as they relate to crossing highways by railroads on a level, are applicable only to such railroad corporations as had constructed their roads across highways at the same grade therewith, prior to *St.* 1846, *c.* 271; after that act came into operation, the right of railroad corporations to cross highways upon a level, without authority of the county commissioners, was taken away. To this extent, the *St.* 1846, *c.* 271, operated as a repeal of Rev. Sts. *c.* 39, §§ 66, 67, 68. All railroads constructed after the former statute went into operation, were required to pass over or under highways, and could cross them upon a level or at the same grade, only when authorized so to do by the county commissioners, and in such manner as they should direct. Under this statute, no right was given to the selectmen of towns in which crossings were situated, to recover damages of railroad corporations for neglecting to comply with the orders of county commissioners as to the mode of constructing their roads across highways upon a level or at grade therewith; and no authority was granted to the commissioners to assess such damages or to cause a jury to be summoned for that purpose. Another and different remedy was provided for an unreasonable neglect by railroad corporations to comply with the requirements of that act. By § 4, a penalty, not exceeding two hundred dollars for every month during which such neglect continues, is imposed upon railroad corporations. To this was subsequently added the remedy provided by *St.* 1849, *c.* 222, § 5, of a bill in

equity in this court to enforce the decrees of county commissioners touching the obstruction of highways by railroads.

It follows from this view of the legislative enactments bearing on the question, that the county commissioners, in assessing damages against the petitioners in the present case, for not constructing their railroad in conformity with their decree passed in December, 1847, across the highway in Montague, and in suosequently directing a warrant to issue to summon a jury for the purpose of assessing such damages, acted without authority of law, and their proceedings in these respects were erroneous and void. The railroad of the petitioners, in this portion of their route, was constructed subsequent to the year 1846, and in crossing the highway in question, they must have acted under *St.* 1846, *c.* 271, and not under Rev. Sts. *c.* 39, §§ 66, 67, 68. This indeed is manifest from their petition to the commissioners, bearing date December 17, 1847, in which they set out that they have found it necessary " in the construction of their road " to raise the highway, and ask the commissioners to direct the mode in which they may cross it on a level. If therefore, the petitioners have been guilty of unreasonable neglect in omitting to comply with the orders of the commissioners, they are liable to the penalty imposed by § 4 of *St.* 1846, *c.* 271, or to a proceeding in equity to enforce such orders under *St.* 1849, *c.* 222, § 5. But they are not liable to damages for such neglect, and there is no legal authority for an assessment of damages against them, either by the commissioners or a jury.

If, however, the respondents were right in their position that the proceedings in this case are under Rev. Sts. *c.* 39, § 68, and that the petitioners are liable to damages in case of unreasonable neglect to comply with the order of the commissioners, it would then be quite impossible to sustain the present proceedings. The commissioners have power under that provision to assess damages against a railroad corporation, or to order a warrant to issue for a jury for that purpose, only in case of " unreasonable neglect " by the corporation to comply with the decree of the commissioners respecting the mode of constructing their railroad across the highway. But

no such "unreasonable neglect" is averred in the petition of the towns of Erving and Montague to the commissioners for an assessment of damages, and no adjudication was made by the commissioners that any such neglect was shown or in fact existed. On the contrary, so far as any inference can be drawn on this point from the proceedings, in the absence of any express adjudication, it would seem that the petitioners had not been guilty of any unreasonable neglect. The commissioners appear to have regarded their original order as unwise and inexpedient. They not only modified it in essential particulars but postponed the construction of some of the alterations in the highway prescribed by them for a long period of time. Under such circumstances, it would be difficult to say that the railroad corporation had been guilty of any unreasonable neglect in delaying to comply with this original order of the commissioners. It would be more reasonable to infer that this delay was for good cause and was sanctioned by the action of the commissioners; at all events, they formed no valid ground for assessing any damages against the petitioners for unreasonable neglect under Rev. Sts. *c.* 39, § 68.

*Writ of prohibition granted.*